# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

LISA PARKS                                                                                           PLAINTIFF

v.                                         No. 2:08CV00208 JLH

COMMUNITY HEALTH SYSTEMS, INC., et al.                                              DEFENDANTS

## OPINION AND ORDER

     Lisa Parks brought this action against Community Health Systems, Inc., and others pursuant to 42 U.S.C. § 1981 and the Arkansas Civil Rights Act of 1993. Parks alleges that she was employed by the defendants in Jonesboro, Arkansas, where she lives. The allegations arise entirely out of her employment in Jonesboro. Although Parks resides in Jonesboro, and the events about which she complains occurred in Jonesboro, she has not filed this action in the Jonesboro Division. Instead, she filed it in the Eastern Division of the Eastern District of Arkansas. The defendants have now filed a motion to transfer this case to the Jonesboro Division of the Eastern District of Arkansas. Parks has opposed the motion to transfer.

     In a federal diversity action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(a). Federal law no longer requires that venue be laid in a particular division within a district. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3809 (3d ed. 2007). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In deciding whether the convenience of the parties and witnesses as well as the interest of justice weigh in favor of

transferring the action, the Court considers, among other things: (1) the accessibility to records and documents, (2) the location where the conduct complained of occurred, (3) the applicability of the forum state's substantive law, (4) judicial economy, (5) the plaintiff's choice of forum, and (6) the comparative costs to the parties of litigating in each forum. *Id.*

Here, the parties and witnesses are all in the Jonesboro Division of the Eastern District of Arkansas. The records and documents are there. The conduct complained of occurred there. With respect to judicial economy and the comparative costs of the parties of litigating in each forum, there is no substantial difference as to whether this case is tried in the Eastern Division or in the Jonesboro Division. The plaintiff's choice of forum weighs in favor of the Eastern Division. However, the balance of convenience substantially favors the Jonesboro Division in this case. Furthermore, the divisions within the district remain in part to allow people in the communities local access to the federal judiciary. Since this case involves the Jonesboro Division, trial should take place in Jonesboro so that interested persons can attend. For these reasons, the defendants' motion to transfer this case from the Eastern Division to the Jonesboro Division is GRANTED. Document #19. *Compare American Nat'l Ins. Co. v. Amos*, 2009 WL 971284 (E.D. Ark. March 30, 2009); *Sanders v. Lee County Sch. Dist. No. 1*, 2008 WL 5423267 (E.D. Ark. December 23, 2008).

The Court orders the Clerk to transfer this case to the Jonesboro Division of the Eastern District of Arkansas.

IT IS SO ORDERED this 9th day of July, 2009.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE